UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| GENERAL MOTORS LLC, | ) |
| | ) |
| Plaintiff, | )  CASE NO.: 8:22cv157 |
| | ) |
| vs. | ) |
| | ) |
| WOODHOUSE AUTO FAMILY, INC.; HUBER CHEVROLET, INC.; HUBER CADILLAC, INC.; YABA, LLC; and NBC PROPERTIES, LLC | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

2. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a), as the action is between citizens of different states and the amount in controversy exceeds $75,000.

3. Venue is proper in this judicial district under 28 U.S.C. 1391(b)(1) because each defendant is a resident of Nebraska and each resides in the District of Nebraska. Alternatively, venue is proper in this district under 28 U.S.C. 1391(b)(2) because the execution of the asset purchase agreement and assignment of the right of first refusal—as detailed below—occurred within the District of Nebraska.

4. General Motors LLC ("GM") is a Delaware limited liability company. General Motors LLC's sole member is General Motors Holdings LLC. General Motors Holdings LLC is a Delaware limited liability company. General Motors Holdings LLC's sole member is General Motors Company. General Motors Company is a Delaware corporation with its principal place of business in Michigan.

5. Woodhouse Auto Family, Inc. ("Woodhouse") is a Nebraska corporation with its principal place of business in Nebraska.

6. Huber Chevrolet, Inc. ("Huber Chevrolet") is a Nebraska Corporation with its principal place of business in Nebraska.

7. Huber Cadillac, Inc. ("Huber Cadillac") is a Nebraska corporation with its principal place of business in Nebraska.

8. Yaba, LLC ("Yaba") is a Nebraska limited liability company. Upon information and belief, all members of Yaba are citizens of the State of Nebraska for purposes of determining jurisdiction under 28 U.S.C. § 1332.

9. NBC Properties, LLC ("NBC") is a Nebraska limited liability company. Upon information and belief, all members of NBC are citizens of the State of Nebraska for purposes of determining jurisdiction under 28 U.S.C. § 1332.

10. Huber Chevrolet, Huber Cadillac, Yaba, and NBC (collectively, "Huber") are made defendants in this action as they are interested parties and so that they will be bound by the declaration of the Court.

## BACKGROUND

11. Since July 1, 1976, Huber has owned a Chevrolet motor vehicle dealership, and since April 24, 1986, Huber has owned a Cadillac motor vehicle dealership at 11102, 11224, and 11228 West Dodge Street, Omaha, Nebraska, 68154 under the terms of Chevrolet and Cadillac Dealer Sales and Service Agreements, Standard Provisions, and Chevrolet and Cadillac-specific addendums. Huber's current Chevrolet and Cadillac Dealer Sales and Service Agreements and Standard Provisions are attached hereto as **Exhibit A**.

12. Among the bargained-for terms of the DSSA, Huber agreed to issue GM a right of first refusal in the event that Huber sought to sell or transfer its dealership and related assets (the "ROFR"). *See* Exhibit A, § 12.3. Specifically, the ROFR provides, in relevant part, as follows:

(a) If [Huber] submits a proposal for a change of ownership under Article 12.2, General Motors will have a right of first refusal to purchase the dealership assets or stock and such other rights proposed to be transferred regardless of whether the proposed buyer is qualified to be a dealer. If General Motors chooses to exercise this right, it will do so in its written response to [Huber's] proposal. General Motors will have reasonable opportunity to inspect the assets, including real estate, and corporate records prior to making its decision.

Exhibit A, § 12.3.1.

(b) If [Huber] has entered into a bona fide written buy/sell agreement, the purchase price and other terms of sale will be those set forth in such agreement and any related documents, unless [Huber] and General Motors agree to other terms.

*Id.*, § 12.3.2(a).

(c) General Motors' rights under this section may be assigned to any third party ("Assignee"). If there is an assignment, General Motors will guarantee full payment of the purchase price by the Assignee. General Motors shall have the opportunity to discuss the terms of the buy/sell agreement with the potential Assignee(s).

General Motors' rights under this Article are binding on and enforceable against any Assignee or successor in interest of [Huber] or purchaser of [Huber's] assets or stock and such other rights as proposed to be transferred.

*Id.*, § 12.3.4.

13. The Motor Vehicle Industry Regulation Act, Neb. Rev. Stat. § 60-1401 *et seq.* (the "Act"), does not prohibit manufacturers or their assignees from exercising rights of first refusal over the sale or transfer of motor vehicle dealerships. Instead, the Act, in relevant part, provides as follows:

[I]n the event of the sale or a contract for sale or transfer of ownership of the franchisee's dealership by sale or transfer of the business or by stock transfer or in the event of change in the executive management of the franchisee's dealership, the franchisor **shall give effect to such a change** in the franchise unless [exceptions].

Neb. Rev. Stat. § 1430 (emphasis added).

## THE UNDERLYING DISPUTE

14.     On November 3, 2021, Huber and Woodhouse entered into asset and real estate purchase agreements (together, the "Purchase Agreement"), whereby Huber agreed to sell to Woodhouse its assets and real property relating to its Chevrolet and Cadillac dealership.

15.     As part of the Purchase Agreement, Huber retained the right to unilaterally terminate the Purchase Agreement if Huber was not satisfied that certain conditions would be satisfied prior to closing, including the condition that Woodhouse be approved for both Chevrolet and Cadillac franchise agreements.

16.     Pursuant to section 12.3.4 of the Standard Provisions, Exhibit A, GM assigned the ROFR to H&H Automotive LLC ("H&H") on March 4, 2022 and informed Huber of the same on March 7, 2022.

17.     H&H subsequently expressed its intention to exercise the ROFR on March 7, 2022.

18.     On March 15, 2022, Huber informed Woodhouse via letter that because the ROFR had been exercised, Huber was providing notice of termination of the Purchase Agreement.

19.     On March 16, 2022, Woodhouse wrote back to Huber: (1) contending that rights of first refusal are invalid under the Act, and (2) requesting that Huber withdraw its notice of termination and proceed with the Purchase Agreement.

20.     Also on March 16, 2022, Woodhouse wrote to GM, in relevant part: (1) contending that rights of first refusal are invalid under the Act, and (2) requesting that GM approve the Purchase Agreement.

## THE THREATENED LITIGATION

21.     On March 31, 2022, Woodhouse again wrote GM and indicated that it would file a specific performance complaint in Douglas County, Nebraska "in the event that [Woodhouse's]

purchase transaction is not reinstated." Woodhouse attached a copy of its threatened complaint to the March 31, 2022 letter. *See* Threatened Complaint, attached hereto as **Exhibit B**.

22. Woodhouse, through counsel, has since repeated to undersigned counsel its intention to file the specific performance complaint (the "Threatened Complaint") unless the Purchase Agreement is reinstated.

23. Huber has not reinstated the Purchase Agreement.

24. Likewise, GM has declined to waive its rights under the ROFR.

25. As part of its Threatened Complaint, Woodhouse seeks a court order requiring Huber to (1) withdraw its notice of termination of the Purchase Agreement, (2) perform its obligations under the Purchase Agreement, and (3) demand that GM authorize the Purchase Agreement. *See* Exhibit B, ¶ 14.

26. The relief Woodhouse seeks necessarily requires that Huber breach its Dealer Agreement, which lawfully provided GM the right to exercise and/or assign rights of first refusal for the sale or transfer of Huber's dealership.

27. The relief Woodhouse seeks also necessarily requires that GM waive its rights under the ROFR and approve Woodhouse as the buyer under the Purchase Agreement.

28. Contrary to Woodhouse's contentions, the ROFR is consistent with the Act, which requires that GM give effect to "such a [sale or transfer of dealership assets]." Neb. Rev. Stat. § 1430 (emphasis added). The Act does not require that GM give effect to the sale or transfer of dealership assets between Huber and Woodhouse.

29. By assigning the ROFR to H&H and indicating that H&H will be approved, GM has expressed its intention to give effect to a sale or transfer of Huber's dealership assets—under the same terms as those reflected in the Purchase Agreement.

30. Huber's threat of litigation and the relief it seeks amount to tortious interference with GM's business expectation because:

 (a) Huber validly conferred the ROFR upon GM;

 (b) Woodhouse was informed of the ROFR;

 (c) Woodhouse has indicated that it will file a complaint, seeking to cause Huber to breach its obligations to GM under the DSSA and ROFR; and

 (d) The relief Woodhouse seeks would necessarily and directly harm and damage GM by preventing it from enjoying the benefit of its bargain with Huber.

Wherefore, GM respectfully requests that the Court enter judgment in its favor and against the defendants herein, and that the Court declare that (1) the Motor Vehicle Industry Regulation Act, Neb. Rev. Stat. § 60-1401 *et seq.*, does not prohibit GM or its assignees from exercising a right of first refusal over the sale or transfer of a motor vehicle dealership's assets, and (2) Woodhouse's attempts to prevent Huber from complying with the ROFR amount to tortious interference with GM's business expectation.

## SPEEDY HEARING

Pursuant to Federal Rule of Civil Procedure 57, GM requests that the Court order a speedy hearing of this action.

## TRIAL DEMAND

Plaintiff, General Motors LLC, specifically requests a trial in Omaha, Nebraska in the above-captioned matter.

Dated: April 22, 2022.                    Respectfully Submitted,

/s/ Robert W. Shively
Robert W. Shively, #18166
SHIVELY LAW GROUP, P.C., L.L.O.
Robert W. Shively, #18166
4400 South 86th Street, Suite 100
Lincoln, NE 68526
T: 402.488.5044
F: 402.488.5110
rshively@shivelylaw.com

~and~

NELSON MULLINS RILEY & SCARBOROUGH LLP
Mark T. Clouatre (pro hac vice motion forthcoming)
Corey R. Nevers (pro hac vice motion forthcoming)
1400 Wewatta Street, Suite 500
Denver, CO  80202
T:  303.583.9900
F:  303.583.9999
mark.clouatre@nelsonmullins.com
corey.nevers@nelsonmullins.com

*Attorneys for Plaintiff General Motors LLC*